IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1999 SESSION



**FILED**

**September 20, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 01C01-9811-CC-00474 |
| Appellee, | ) | |
| | ) | Marshall County |
| v. | ) | |
| | ) | Honorable Charles Lee, Judge |
| WILLIAM D. DAVIS, JR., | ) | |
| | ) | (Failure to Appear) |
| Appellant. | ) | |

FOR THE APPELLANT:

GREGORY D. SMITH
Contract Appellate Defender
One Public Square, Suite 321
Clarksville, TN 37040
(On Appeal)

DONNA L. HARGROVE
District Public Defender

ANDREW J. DEARING, III
Assistant Public Defender
105 South Main Street
P. O. Box 1119
Fayetteville, TN 37334-1119
(At Trial and On Appeal)

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM MICHAEL McCOWN
District Attorney General

MICHAEL D. RANDLES
Assistant District Attorney General
215 East College Street
P. O. Box 878
Fayetteville, TN 37334-0878

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

# O P I N I O N

On October 12, 1998, a Marshall County jury found the defendant, William D. Davis, Jr., knowingly failed to appear for an August 13, 1998 trial in violation of Tenn. Code Ann. § 39-16-609 (1997). The trial court sentenced him to serve eleven months and twenty-nine days in the county jail. This sentence was to run consecutively with his sentence for driving with a revoked license, the charge for which he was to have been tried on August 13, 1998. The defendant appealed as of right, listing two assignments of error, that the evidence was insufficient for a finding of guilt and he received an excessive sentence.

Based upon our review of this matter, we affirm the decision of the trial court.

## FACTS OF THE CASE

The defendant was found guilty of driving on a revoked license in Lewisburg City Court. He appealed to the Marshall County Circuit Court. On August 5, 1998, he was present in circuit court to select a trial date. The trial court announced that he would be tried at 8:30 a.m. on August 13, 1998. He signed an appearance bond and was released from custody on August 5, 1998. However, on August 13, 1998, the defendant did not appear for trial. A Lewisburg police officer, Larry Barker, received an arrest warrant for the defendant, but could not locate him. The defendant turned himself in at the Lewisburg police station on the morning of August 14, 1998, walking into the police station and climbing the stairs unaided to surrender.

In a court appearance on August 19, 1998, the defendant stated he was not in court on August 13, 1998, because he was confused about the date he was to appear. He was indicted for failure to appear pursuant to Tenn. Code Ann. § 39-16-609 (1997), and was tried for this charge on October 12, 1998.

At his October 12, 1998 trial, the defendant presented evidence that he had suffered a back injury on August 11, 1998. Dr. John Brewer treated the defendant for neck or back strain on August 11 and 12, 1998. Dr. Brewer prescribed pain medication and ordered him

2

to stay in bed for twenty-four hours on August 12, 1998. However, Dr. Brewer testified that the defendant's injury and course of treatment would not have prevented his coming to court the following day for the trial.

Nancy Brown, the defendant's mother, testified that when the defendant came to her house on August 11 and 12, 1998, he had either walked or ridden his bicycle the approximate two and one-half mile distance each way.

Linda Perkins, the defendant's sister, testified she took him to the Marshall Medical Center on August 12, 1998. Perkins stated that the defendant was barely able to walk on August 13, 1998. Perkins said she phoned the court clerk's office the morning of August 13, 1998, to tell someone that he could not be in court. On cross-examination, Perkins stated that she could not remember what she said or to whom she spoke. Perkins also admitted she told Officer Barker she had not seen the defendant on August 14, 1998, when in fact he was asleep in her home. After Perkins told the defendant that Officer Barker was looking for him, the defendant went to the police station and turned himself in.

The State presented evidence that the defendant did not mention a back injury or that he required bed rest until his October 12, 1998 trial. The State also presented evidence that the defendant was walking and moving around well on the morning of August 14, 1998, contradicting his claim of a debilitating back injury.

After due deliberation, the jury found the defendant guilty of failure to appear. The trial court sentenced him to the maximum term of eleven months and twenty-nine days, and ordered that his sentence run consecutively with his sentence for the driving on a revoked license conviction. The defendant timely appealed.

## DISCUSSION OF LAW

### A. Sufficiency of the Evidence

When a challenge is made to the sufficiency of the evidence, the standard for

appellate review is whether, after considering the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The defendant's burden of showing insufficiency is heavy, since all conflicts in testimony are resolved in favor of the State, and the State is entitled to the strongest legitimate view of the evidence as well as all reasonable or legitimate inferences that may be drawn therefrom. State v. Burns, 979 S.W.2d 276, 287 (Tenn. 1998).

To obtain a conviction for failure to appear, the State must prove the defendant "[h]as been lawfully released from custody, with or without bail, on condition of subsequent appearance at an official proceeding or penal institution at a specified time or place." Tenn. Code Ann. § 39-16-609(a)(2) (1997). A defense to a charge under this section is that "[t]he person had a reasonable excuse for failure to appear at the specified time and place." Tenn. Code Ann. § 39-16-609(b)(1). Since the defendant admits he did not appear for his August 13, 1998 trial date, the only question we must address is the reasonableness of his excuse.

Although the defendant claimed he had a debilitating back injury that prevented him from appearing in court on August 13, 1998, the State presented evidence to rebut this claim. Dr. Brewer testified he treated the defendant for neck or back strain, but that his condition would not have prevented the defendant's appearance in court on August 13. The defendant's sister gave conflicting and confusing testimony about reporting his injury to the clerk's office and about his activities on August 14, 1998. The State introduced evidence that the defendant knew his court date was August 13, 1998 and that he did not mention a back problem as being the reason for his nonappearance, when he did appear before the trial court on August 19.

A jury verdict, approved by the trial judge, accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Taking the evidence in the light most favorable to the State, the evidence is

4

sufficient to support the conviction.

## B. Length and Manner of Sentence

The defendant next challenges the trial court's imposition of sentence. When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a *de novo* review of the sentence with the presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). In conducting a *de novo* review of a sentence, the Court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, & -210. See State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). In felony cases, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). However, the Supreme Court has held trial judges in misdemeanor cases are not required to make specific findings of fact on the record regarding sentencing decisions. State v. Troutman, 979 S.W.2d 271, 273-74 (Tenn. 1998).

Consecutive sentencing is governed by Tenn. Code Ann. § 40-35-115 (1997). This section allows consecutive sentencing at the discretion of the trial court if one of the seven statutory criteria is found to exist by a preponderance of the evidence. The trial court found that § 40-35-115 (2) ("The defendant is an offender whose record of criminal activity is extensive") applied in this case. In addition to the statutory requirements of § 40-35-115, the Supreme Court has imposed three additional requirements for consecutive sentencing. First, the trial court must find consecutive sentences are reasonably related to the severity of the offenses committed. Second, the trial court must find consecutive sentences are necessary to protect the public from further criminal conduct. Third, consecutive sentences

must be consistent with general principles of sentencing. <u>State v. Wilkerson</u>, 905 S.W.2d 933, 937-39 (Tenn. 1995).

In the case *sub judice*, the trial court found one mitigating factor present, that serious bodily injury was neither caused nor threatened. <u>See</u> Tenn. Code Ann. § 40-35-113(1) (1997). The trial court also found two enhancement factors, a prior criminal history and a history of unwillingness to comply with the conditions of a sentence involving release in the community. <u>See</u> Tenn. Code Ann. § 40-35-114 (1) & (8) (1997).

In fact, the defendant's prior criminal history consists of more than twenty misdemeanor and four felony convictions. He also committed an offense while on probation. Based on this history, the trial court imposed a sentence of eleven months and twenty-nine days to be served consecutively with the defendant's sentence for driving on a revoked license. Based on our *de novo* review with a presumption of correctness, we find no error in the decision of the trial court.

This assignment has no merit.

For the foregoing reasons, we affirm the decision of the trial court.

_____
ALAN E. GLENN, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
JOE G. RILEY, JUDGE

6