IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1999 SESSION



**FILED**

**September 20, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| STATE OF TENNESSEE, )<br><br>    Appellee, )<br><br>v. )<br><br>CHARLES MICHAEL REED, )<br><br>    Appellant. ) | C.C.A. No. 01C01-9801-CC-00012<br><br>Bedford County<br><br>Honorable William Charles Lee, Judge<br><br>(Sentencing) |

FOR THE APPELLANT:

DONNA L. HARGROVE
District Public Defender

ANDREW JACKSON DEARING, III
Assistant Public Defender
105 South Main Street
P. O. Box 1119
Fayetteville, TN 37334-1119

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM MICHAEL McCOWN
District Attorney General

ROBERT G. CRIGLER
Assistant District Attorney General
One Public Square, Suite 100
Shelbyville, TN 37160-3953

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

**O P I N I O N**

The defendant, Charles Michael Reed, was indicted for burglary and felony theft. A Bedford County jury found him guilty of the lesser included offenses of criminal trespass and theft of property under $500. The trial court sentenced him to ten months and sixteen days for theft of property and to eighteen days for criminal trespass. The two sentences were to run concurrently. The defendant now appeals the imposition of his sentence, arguing he should have received alternative sentencing. Based on our review of this matter, we affirm the decision of the trial court.

When an accused challenges the length, range, or manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with the presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). In conducting a de novo review of a sentence, the court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, & -210. See State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). In felony cases, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). However, our supreme court has held that trial judges in misdemeanor cases are not required to make specific findings of fact on the record regarding sentencing decisions. State v. Troutman, 979 S.W.2d 271, 273-74 (Tenn. 1998).

The defendant does not challenge the length of his sentence, rather only the manner in which it is to be served. He introduced testimony describing the hardships his wife and two young children would face were he to lose his job because of a lengthy jail

2

sentence. For this reason, he argued he should receive some form of probation or work release to allow him to keep his job. A review of the record reveals the trial court considered the sentencing principles and all relevant facts and circumstances before sentencing the defendant. The trial court found that there were no mitigating factors but that two enhancing factors existed, the defendant had a history of criminal convictions and he had "recently and frequently" been unsuccessful in an alternative sentence imposed upon him. We agree with the trial court in this regard.

The defendant was convicted of burglary third degree on March 9, 1989, in the Bedford County Circuit Court, Case No. 11669, and sentenced to three years imprisonment. In exchange for the defendant's guilty plea in that case, it was agreed that he would not be prosecuted for the additional offense of burglary of a truck. He was found guilty of burglary in Case No. 12435 in the Bedford County Circuit Court on October 29, 1990, and sentenced to two years imprisonment. He was found guilty on May 9, 1995, in the Bedford County General Sessions Court, Case No. 80786-109-258, of DUI, first offense, sentenced to confinement for eleven months and twenty-nine days, with all but forty-eight hours suspended, fined $350, and ordered to pay court costs and to attend DUI school.

On May 26, 1995, a probation revocation warrant was served on the defendant as to the DUI conviction, alleging that he had violated the terms of probation by being arrested, while on probation, and charged with public intoxication. On May 31, 1995, the Bedford County General Sessions Court ordered that he serve ten days on the DUI conviction, this sentence to be consecutive to that which he had received for public intoxication. Additionally, a second probation revocation warrant was issued on December 5, 1995, seeking revocation of the DUI suspended sentence because the defendant had subsequently been arrested for vandalism, aggravated criminal trespass, and public intoxication, according to the warrant. On January 16, 1996, the trial court ordered that the defendant serve sixty days of the DUI sentence.

3

Finally, on June 25, 1997, the defendant was charged with domestic abuse. He entered a guilty plea to this offense on July 29, 1997, and received a sentence of eleven months and twenty-nine days, all of which was suspended. The defendant was ordered to pay court costs and to attend a domestic violence class. Thus, based on the defendant's extensive criminal history and his inability to comply with the terms and conditions of a previous order of probation, we cannot say the trial court abused its discretion in choosing the manner of sentence in this case.

For these reasons, we affirm the decision of the trial court.

_____
ALAN E. GLENN, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
JOE G. RILEY, JUDGE