IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 12, 2001

## STATE OF TENNESSEE v. CHARLES R. DEASON

**Direct Appeal from the Circuit Court for Dickson County**
**No. 4618     Robert E. Burch, Judge**

---

**No. M2001-00315-CCA-R3-CD - Filed April 18, 2002**

---

The defendant was convicted by a jury of DUI. After stipulating to two prior DUI convictions, he was sentenced for third offense DUI to eleven months and twenty-nine days, to be served in the county jail. We conclude that there is sufficient evidence to establish that the defendant was driving while intoxicated as charged in the indictment. Furthermore, the trial court permissibly ordered the defendant to serve eleven months and twenty-nine days in jail. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

Gregory D. Smith, Clarksville, Tennessee (on appeal); William (Jake) Bradley Lockert III, District Public Defender; and Christopher L. Young, Assistant Public Defender (at trial and on appeal), for the appellant, Charles R. Deason.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Suzanne M. Lockert, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

After a jury trial, the defendant was found guilty of driving while intoxicated as charged in the indictment. At the sentencing hearing, the defendant stipulated to two prior DUI convictions and was sentenced for third offense DUI to eleven months and twenty-nine days to be served in the county jail. He was also ordered to pay a fine of eleven hundred dollars. In this appeal, the defendant contends: (1) that there is insufficient evidence to support his conviction, and (2) that his sentence was excessive.

**Facts**

In lieu of a transcript of the evidence presented at trial, the parties have prepared and filed as a part of the record on appeal a "statement of the evidence or proceedings" pursuant to Tennessee Rule Appellate Procedure 24(c). The following facts were contained verbatim in the statement of evidence.   Katy Trotter testified that on March 12, 1999, she saw an accident on Rainy Camp Road in Northern Dickson County, Tennessee.  Said accident occurred near her home which was close enough for her to hear and see the wrecked automobile.  She testified she drove to the wreck site and observed the defendant crawling out of the driver's side of the vehicle which had come to rest on the passenger's side of said vehicle.  She further testified that she then helped a female exit the wrecked automobile.  She observed that the female was bleeding from an injury to her right arm and had difficulty exiting the vehicle because her pants were unbuttoned and were partially down.  Once both people were out of the automobile, Ms. Trotter testified she helped bandage the injury to the female's right arm.  Said injury appeared to have been caused by the broken window on the passenger side of the wrecked automobile.  Ms. Trotter further testified that both parties appeared intoxicated and slurred their speech.  Ms. Trotter further testified that someone who had come to the scene announced that they were calling the police.  At this point, the defendant said, "We aren't staying around here."  Ms. Trotter testified she tried to get the defendant to remain at the scene, but both he and the female went into the woods and disappeared.

DeJohn R. Davis, Tennessee Highway Patrolman, testified that he was on duty on the afternoon of March 12, 1999, and that about 2:00 p.m. was dispatched to a wreck on Rainy Camp Road in Northern Dickson County.  Upon his arrival, he observed the automobile which had struck a utility pole and wrecked.  At this time, the occupants of said automobile were not at the scene.  Trooper Davis said he smelled alcohol in the vehicle and observed blood on the passenger side of the car.  He further stated that the car was registered to "Bonnie Deason."

Trooper Davis testified that while at the scene of the wreck he received information that the defendant and a white female, later identified as Connie Gonzales, had been located by Deputy Sheriff Don Shirley so he went to the Deputy's location.  At this location, Deputy Shirley had the defendant and Connie Gonzales detained.  The defendant at first denied being in the vehicle which had wrecked but later admitted that he had been driving.  Trooper Davis stated that both the defendant and Ms. Gonzales were intoxicated.  He stated the defendant failed two of three field sobriety tests which were conducted.  He further opined that the defendant was too impaired to operate an automobile on the roadways.

Trooper Davis then testified he transported the defendant to the Dickson City Police Department where he attempted to administer an intoximeter test.  Trooper Davis stated that the defendant failed to follow instructions and thus, after three attempts was unwilling to provide a sufficient quantity of breath to register on said intoximeter.

Dickson County Sheriff Don Shirley testified that he was on duty on March 12, 1999, was dispatched to the wreck scene, and upon being informed that the two occupants had left the scene,

began a search for them. He stated that about a mile from the scene of the wreck, he observed the defendant and Connie Gonzales who met the description of the occupants of the wrecked automobile. Deputy Shirley observed that Ms. Gonzales had no shoes on, only socks, and that both showed evidence of having been in the woods and undergrowth. In the opinion of Deputy Shirley, the defendant was intoxicated and smelled of breath alcohol. Both told Deputy Shirley that they had been out walking and failed to mention anything about a wreck. Deputy Shirley observed that Ms. Gonzales had been drinking, and her condition was such that he would not have allowed her to drive an automobile without further testing. Deputy Shirley observed that the defendant's eyes were red and irritated.

After these three witnesses testified, there was no further proof by the State or the defendant. After the argument and jury charge, the jury deliberated and returned a verdict of "Guilty." The trial court then conducted a sentencing hearing which consisted of the stipulation that the defendant had two prior convictions for driving while intoxicated. Without further proof, the trial court sentenced the defendant to eleven months and twenty-nine days to serve. Further, the defendant was fined $1,100.00, ordered to pay the court costs, and additionally, his privilege to operate a motor vehicle was revoked for three years.

## Analysis

The defendant alleges that the evidence was insufficient to support his conviction for DUI because there was no adequate showing that the defendant was driving. We disagree. When the sufficiency of the evidence is challenged, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Tenn R. App. P. 13. This rule applies to findings based on both direct and circumstantial evidence. State v. Thomas, 755 S.W.2d 838, 842 (Tenn. Crim. App. 1988). Circumstantial evidence alone may be sufficient to convict one of a crime. State v. Boling, 840 S.W.2d 944, 947 (Tenn. Crim. App. 1992).

It is well established that a jury verdict, approved by the trial judge, accredits the testimony of the witnesses for the state and resolves all conflicts in favor of the theory of the state. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978); State v. Townsend, 525 S.W.2d 842, 843 (Tenn. 1975). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 836 (Tenn. 1978). Moreover, a verdict against the defendant removes the presumption of innocence and raises a presumption of guilt on appeal, State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973); Anglin v. State, 553 S.W.2d 616, 620 (Tenn. Crim. App. 1977), which the defendant has the burden of overcoming. State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977).

The defendant was convicted as indicted of driving and/or physically controlling "an automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park, or any

apartment housing complex, or any other premises which is generally frequented by the public at large" while he was "under the influence of an intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system."

In the instant case, the facts, in the light most favorable to the state, were sufficient to establish that the defendant was driving while under the influence of an intoxicant. The defendant admitted to Trooper Davis that he had been driving. Furthermore, a witness testified that the vehicle was resting on the passenger side, and the defendant was the first person to crawl out of the vehicle through the driver's side. The witness also observed that the passenger's arm was bleeding and had apparently been injured by the broken passenger side window of the vehicle. The witness testified that the defendant appeared to be intoxicated and slurred his speech. Trooper Davis testified that the defendant failed two field sobriety tests and indicated that the defendant appeared "too impaired to operate an automobile on the roadways." Deputy Shirley testified that he located the defendant about a mile from the scene of the accident and that he appeared to be intoxicated and smelled of alcohol.

Length of Sentence

The defendant next asserts that the length of his sentence is excessive. We first note that it is well established that it is the defendant's duty to prepare an adequate record for appellate review. Tenn. R. App. P. 24(b). When a party seeks appellate review, there is a duty to prepare a record which conveys a fair, accurate, and complete account of what transpired with respect to the issues forming the basis of the appeal. State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). In the present case, the defendant has failed to include within the record any evidence pertaining to sentencing. In the absence of an adequate record, the trial court's ruling is presumed correct. State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998).

Notwithstanding this waiver, we note that the penalties for violations of our DUI laws are codified in Tennessee Code Annotated section 55-10-403. For a third-offense DUI, the prescribed sentence is eleven months and twenty-nine days. Troutman, 971 S.W.2d at 273. Furthermore, the Tennessee Supreme Court has held that "enhancement and mitigating factors are not used in determining the length of a DUI sentence" and that the misdemeanor sentencing statute only requires that the trial court may not arbitrarily impose the percentage of a defendant's sentence to be served in incarceration. Troutman, 979 S.W.2d at 273-74.

In the instant case, the defendant was convicted of third offense DUI and sentenced to eleven months and twenty-nine days incarceration. Thus, the period of confinement imposed by the trial court was within the authorized sentencing range. Tenn. Code Ann. § 55-10-403. Moreover, the defendant has failed to demonstrate that the trial court arbitrarily imposed the percentage of his sentence to be served in incarceration. This issue is without merit.

**Conclusion**

-4-

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE