FILED

**November 9, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

FOR PUBLICATION

**Filed:**   November 9, 1998

STATE OF TENNESSEE,            )
                              )
    Appellant,              )     Washington County
                              )
v.                            )     Hon. Arden L. Hill, Judge
                              )
KENNETH EUGENE TROUTMAN,      )     No. 03S01-9705-CC-00049
                              )
    Appellee.               )

FOR APPELLANT:

John Knox Walkup
Attorney General and Reporter

Michael E. Moore
Solicitor General

Gordon W. Smith
Associate Solicitor General
Nashville

FOR APPELLEE:

Frederick M. Lance
Johnson City

# O P I N I O N

AFFIRMED                                              HOLDER, J.

**OPINION**

While this case has ultimately been decided on a waiver issue, we granted this appeal to take the opportunity to address two very important issues of statutory construction in misdemeanor sentencing. The general issues may be framed as whether Tenn. Code Ann. § 40-35-209 and Tenn. Code Ann. § 40-35-210 apply to misdemeanor sentencing. Specifically, the issues have been stated as: (1) whether a trial judge must state on the record, pursuant to Tenn. Code Ann. § 40-35-210(f), what enhancement or mitigating factors were employed in setting the sentence length in a DUI case; (2) whether a trial court must make specific findings on the record, pursuant to Tenn. Code Ann § 40-35-209(c), when fixing the percentage of a sentence to be served in incarceration under the misdemeanor sentencing statute; and (3) whether the appellate court erred in remanding this case for re-sentencing. We hold that §§ 40-35-209, - 210(f) are inapplicable to DUI sentencing and that the defendant's sentences should be affirmed.

**BACKGROUND**

The defendant, Eugene Kenneth Troutman, was charged with driving while under the influence of an intoxicant ("DUI") in case number 21092. While on bond and awaiting trial in case number 21092, the defendant was again arrested and charged with DUI in case number 21372. The defendant was convicted by a jury of DUI in case number 21092 and pled guilty to DUI in case number 21372. He was sentenced to serve eleven months and twenty-nine days in case number 21092 and two hundred and fifty days in case number 21372. The sentences were ordered to run consecutively.

The defendant had a separate sentencing hearing in which he presented several witnesses. A presentence report was also filed and considered by the trial judge. The record and the presentence report indicate that the defendant has the following criminal record:

1. DUI on 09/11/78, 48 hours in jail;

2. DUI on 02/01/79, 5 months 29 days sentence suspended;

3. DUI/Refusal on 09/06/80, 1 year probation with 66 days in jail;

4. DUI on 11/07/81, 3 days in jail;

5. DUI, first, on 07/12/85, 15 days in jail;

6. Felony Conviction on 11/30/88, 10 years probation;

7. DUI on 12/28/88, 30 days jail;

8. DUI on 01/12/90, 11 months 29 days probation with 48 hours in jail;

9. Contributing to accident involving injury on 03/23/90 (apparently while license suspended or revoked);

10. Violation of Restricted License Law on 08/28/90, 2 days in jail;

11. DUI, second, on 08/28/90; 11 months 29 days with all suspended but 45 days to be served in jail with 28 days credit for in-patient treatment at V.A.;

12. Violation of probation 08/28/90, charge dismissed;

13. Contributing to Accident Involving Property Damage on 12/2/93;

14. No Drivers License on 01/28/93, no probation;

15. DUI, third, and violation of Seatbelt Law on 08/15/94;

16. DUI in August of 1994; and

17. Declared habitual motor offender ("HMO") on 01/11/95; loss of driver's license for three years.

The trial judge cited the need for deterrence when sentencing the defendant to a total period of incarceration of one year, two-hundred and forty-nine days.

The Court of Criminal Appeals reversed the trial judge's sentence and remanded the case to the trial court for a new sentencing hearing. The appellate court reasoned that: (1) the trial court failed to make specific findings on the record pursuant to Tenn. Code

Ann. §§ 40-35-209, -210; and (2) the appellate court could not conduct a meaningful review due to the defendant's failure to include a trial transcript.

Upon review of the record before us, we find that the defendant has been convicted of ten (10) DUIs, one felony, and a handful of other charges within a sixteen-year period. Accordingly, there is ample background information to support the trial judge's sentences. Society demands protection from those who habitually drink and drive in complete disregard for the welfare of others and for the laws of this state. Pursuant to State v. Palmer, 902 S.W.2d 391 (Tenn. 1995), the sentence imposed by the trial judge in this case should be affirmed. See id. (holding that trial judge could sentence the defendant to serve the full eleven months and twenty-nine days for DUI conviction).[1]

### ANALYSIS

The penalties for violations of our DUI laws are codified at Tenn. Code Ann. § 55-10-403. The defendant was convicted of third offense DUI. On the same day, the defendant pled guilty to a subsequent DUI charge. Both third and subsequent DUI convictions, at the time of the defendant's conviction, provided for a sentence of confinement "not less than one hundred twenty (120) days nor more than eleven (11) months and twenty-nine (29) days." Tenn. Code Ann. § 55-10-403(a)(1). The DUI penalty statute further provided that:

> [a]ll persons sentenced under subsection(a) shall, in addition to the service of at least the minimum sentence, be required to serve the difference between the time actually served and the maximum sentence on probation.

---

[1]In State v. Connors, 924 S.W.2d 362 (Tenn. Crim. App. 1996), the appellate court apparently concluded that the maximum percentage of confinement in a fourth offense DUI case was 75 percent of the 11 months 29 days. This is contrary to prior Supreme Court precedent and is overruled.

4

Tenn. Code Ann. § 55-10-403(c).  Accordingly, the length of a defendant's sentence for a third or subsequent offense of DUI is set at eleven months and twenty-nine days.  While trial courts cannot deviate from the length of the DUI sentence, trial courts do retain some discretion in determining what portion of the eleven month and twenty-nine day sentence a defendant will serve in confinement.[2]

Our initial focus is on whether a trial court in a DUI case must place on the record either orally or in writing any enhancement or mitigating factors it found pursuant to Tenn. Code Ann. § 40-35-210(f).  Enhancement and mitigating factors are used primarily to determine the length of a felony sentence within a statutory range.  A sentence for DUI, however, does not involve a range.  A defendant convicted of DUI automatically receives a sentence of eleven months and twenty-nine days. Accordingly, enhancement and mitigating factors are not used in determining the length of a DUI sentence. Tennessee Code Annotated § 40-35-210(f) is clearly inapplicable to DUI sentencing.

Our next inquiry is whether a trial court must make specific findings of fact on the record when determining what portion of a DUI sentence will be served in confinement. A DUI, at the time of the defendant's offense, was a Class A misdemeanor. Tenn. Code Ann. § 55-10-403(m). Accordingly, we must determine whether a trial judge must make specific findings of fact in misdemeanor sentencing when determining what portion of a defendant's sentence the defendant will serve in confinement.

Misdemeanor sentencing guidelines are codified at Tenn. Code Ann. § 40-35-302 and provide in pertinent part:

---

[2]A defendant must serve at least 120 days of the 11 month 29 day sentence for third and subsequent DUI convictions.  Whether the defendant shall serve in excess of the mandatory 120 days is within the trial judge's discretion.

> In imposing a misdemeanor sentence, the court shall fix a percentage of the sentence which the defendant shall serve [in confinement]. . . .In determining the percentage of the sentence to be served in actual confinement the court shall consider the purposes of this chapter, the principles of sentencing, and the enhancement and mitigating factors set forth herein, and shall not impose such percentages arbitrarily.

Tenn. Code Ann. § 40-35-302(d).The Sentencing Commission Comments to § 40-35-302(d) note that subsection (d), unlike felony sentencing, provides trial judges with "needed flexibility in misdemeanor sentencing."See State v. Combs, 945 S.W.2d 770, 773-74 (Tenn. Crim. App. 1996) (noting flexibility); see also State v. Williams, 914 S.W.2d 940, 948 (Tenn. Crim. App. 1995) (holding no presumption regarding alternative form of sentence).

The sentencing considerations generally used in determining the manner of service for both misdemeanors and felony sentences are codified at Tenn. Code Ann. §§ 40-35-102, -103.See Tenn. Code Ann. § 40-35-102 (noting considerations used in determining whether confinement shall be imposed);Tenn. Code Ann. § 40-35-103 (setting forth considerations to be used when issuing sentencing of confinement).In addition to the statutory considerations for issuing sentences of confinement, the misdemeanor sentencing statute merely requires a trial judge to consider enhancement and mitigating factors when calculating the percentage of a misdemeanor sentence to be served in confinement.Compare Tenn. Code Ann. § 40-35-302 ("to consider the purpose of this chapter, the principles of sentencing, and the enhancement and mitigating factors set forth herein") with Tenn. Code Ann. § 40-35-210(f) (stating court shall place on record either orally or in writing what enhancement or mitigating factors it found).

The legislature has clearly indicated that trial courts must make specific findings on the record in felony sentencing.See generally Tenn. Code Ann.

6

§§ 40-35-209(c), 210(f).The language in these subsections is inconsistent with the language employed in the misdemeanor sentencing statute.Moreover, the legislature has indicated the ability to clearly mandate specific findings on the record in felony sentencing.Had the legislature intended this practice in misdemeanor sentencing, it could have so stated.Accordingly, while the better practice is to make findings on the record when fixing a percentage of a defendant's sentence to be served in incarceration, a trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute.[3]

When imposing a percentage to be served pursuant to the misdemeanor sentencing statute, Tenn. Code Ann. § 40-35-302 requires that a trial court "shall not impose such percentages arbitrarily."Where, as in the case now before us, the defendant fails to include all materials necessary for resolution of a misdemeanor sentencing issue, the sentence shall be presumed to be correct.See Tenn. Code Ann. § 40-35-401 (1990) (noting that defendant carries the burden of establishing impropriety of sentence); see also Tenn. Code Ann. § 40-35-302 ("shall not impose such percentages arbitrarily").

The defendant in the case now before us has failed to include the trial transcript.It was the defendant's responsibility to include a complete record on appeal.See State v. Ballard, 855 S.W.2d 557 (1993) (holding failure to include transcript precludes appellate review); State v. Oody, 823 S.W.2d 554 (Tenn. Crim. App. 1991) (holding trial court's ruling presumed correct in the absence of an adequate record on appeal).Notwithstanding waiver, the record before us indicates that the defendant has a total of ten (10) DUI convictions, a felony conviction, and other driving-related offenses.His tenth conviction

---

[3]Cases inconsistent with this holding are overruled to the extent they conflict with this opinion.See e.g., State v. Conners, 924 S.W.2d 362 (Tenn. Crim. App. 1996); State v. Dockery, 917 S.W.2d 258 (Tenn. Crim. App. 1995); and State v. Coolidge, 915 S.W.2d 820 (Tenn. Crim. App. 1995).

stems from an arrest for DUI while on bond for the instant DUI offense. We find that the following factors present in the record before us amply support the trial court's sentences:

1. the defendant's lengthy criminal background, Tenn. Code Ann. § 40-35-103;

2. the potential dangerousness of his convictions and his lack of hesitation to drive under the influence which involves a high risk to his life and others, Tenn. Code Ann. § 40-35-114(10);

3. the defendant's inability to refrain from driving under the influence while on bond for a pending DUI charge;

4. the defendant's previous unwillingness to comply with conditions of a sentence involving release into the community, Tenn. Code Ann. § 40-35-114(8);

5. measures less restrictive than confinement have frequently been applied unsuccessfully to the defendant, Tenn. Code Ann. § 40-35-103(1)(C);

6. the defendant's apparent dishonesty with the V.A. (factor relevant to ability to be rehabilitated), Tenn. Code Ann. § 40-35-103(6);[4] and

7. the need to protect society from chronic and habitual offenders of our DUI laws, see generally Tenn. Code Ann. §§ 40-35-102(1), (3), -103(1)(A).

Accordingly, the defendant's sentences are amply supported by the record. The defendant's sentences are affirmed, and costs of this appeal shall be taxed to the defendant, Kenneth Eugene Troutman, for which execution may issue if necessary.

---

[4]The defendant has previously made failed attempts at rehabilitation which include 28 days in the V.A. for treatment following his eighth arrest for DUI.

JANICE M. HOLDER, JUSTICE

**Concurring:**

Anderson, C.J.
Drowota, J.

**Separate Concurring Opinion:**

Birch, J

Reid, Sp.J., Not Participating

IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

(HEARD AT JOHNSON CITY)

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | FOR PUBLICATION |
| | ) | |
| Appellant | ) | FILED: |
| | ) | |
| v. | ) | WASHINGTON COUNTY |
| | ) | |
| KENNETH EUGENE TROUTMAN | ) | HON. ARDEN L. HILL, |
| | ) | JUDGE |
| Appellee | ) | |
| | ) | NO. 03-S-01-9705-CC-00049 |

SEPARATE CONCURRING OPINION

The majority in this case holds that trial judges in misdemeanor cases are not required to make specific findings of fact on the record regarding sentencing decisions.  I write separately to express my view that Tenn. Code Ann. § 40-35-209(c) (1990) applies equally to misdemeanor and felony sentencing, thereby requiring specific findings of fact in both cases.  Applying Tenn. Code Ann. § 40-35-209(c) to the record before us, I agree with the majority that the sentence must be affirmed because defendant has failed to provide a complete record for our review.

Tennessee Code Annotated § 40-35-209(c) is part of the Criminal Sentencing Reform Act of 1989, Tenn. Code Ann. § 40-35-101 et seq. (1990).  It provides, in relevant part, that "the record of the sentencing hearing . . . shall include specific findings of fact upon which application of the sentencing principles was based."  Although this section does not expressly distinguish

between felony and misdemeanor cases,[5] the majority concludes that it is inapplicable in misdemeanor cases because it is inconsistent with Tenn. Code Ann. § 40-35-302 (1990).

Section 302 governs misdemeanor sentencing and allows a trial court to decide whether to conduct a *separate* sentencing hearing or to simply "allow the parties a reasonable opportunity to be heard" on sentencing. Tenn. Code Ann. § 40-35-302(a). It also specifies how the trial court should set forth the length and manner of service in a misdemeanor case. Tenn. Code Ann. § 40-35-302(d).

The flexibility provided by section 302 is not disrupted by a requirement that the trial court make specific findings of fact. Permitting the trial court to forgo placing findings of fact on the record merely serves to frustrate the express legislative intent that the reasons for sentencing be appropriately reviewable. See Tenn. Code Ann. § 40-35-209(c) sentencing commission comments. Sentencing decisions are accompanied by a presumption of correctness, Tenn. Code Ann. §§ 40-35-401(d), -402(d) (1990), which is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Without findings of fact, the presumption is meaningless and we have no choice but merely to review sentencing decisions *de novo*. Clearly, this is not what the legislature intended.

A record without findings of fact may still permit meaningful appellate review even though the presumption of correctness does not attach. In the case under submission, the defendant failed to file a trial transcript. Although some evidence relevant to sentencing is found in the

---

[5]Where the General Assembly wanted to distinguish between felonies and misdemeanors, it expressly did so. See, e.g., Tenn. Code Ann. § 40-35-205(a) (1990) (presentence investigation generally mandatory in felony cases but only discretionary in misdemeanor cases).

2

sentencing hearing transcript and presentence report, scant--if any--evidence regarding the circumstances of the offenses is included in this incomplete record. Ordinarily, such an incomplete record would make me reluctant to conduct a review, lest such review be speculative. As the majority points out, however, it is the defendant's duty to provide a complete record, and where he has failed to do so, he cannot now complain. Thus, I concur that the sentence should be affirmed.

_____
ADOLPHO A. BIRCH, JR., Justice