IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1998 SESSION

FILED

May 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| STATE OF TENNESSEE | ) | |
|---|---|---|
| | ) | C.C.A. No. 02C01-9805-CR-00129 |
| Appellee, | ) | |
| | ) | Shelby County |
| V. | ) | |
| | ) | Honorable W. Fred Axley, Judge |
| | ) | |
| STANLEY O. ABELL, | ) | (Disorderly Conduct, Assault) |
| | ) | |
| Appellant. | ) | |

**CONCURRING OPINION**

I concur with my colleagues in their determination that the judgment should be affirmed. I differ only with regard to the standards utilized by trial courts for sentencing on misdemeanor convictions.

Initially, I would point out a conflict in some of the reported cases from this court as to whether misdemeanants are entitled to the presumption of favorability for alternative sentencing. In State v. Gennoe, 851 S.W.2d 833, 837 (Tenn. Crim. App. 1992), this court ruled as follows:

> Because especially mitigated standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates for alternative sentencing, the same presumption would logically apply to misdemeanors.

This ruling was followed in State v. Boyd, 925 S.W.2d 235, 245 (Tenn. Crim. App. 1995). In State v. Williams, 914 S.W.2d 940, 949 (Tenn. Crim. App. 1995), however, a panel of this court ruled that "the presumption is limited in scope to an accused who is convicted of a Class C, D, or E felony. It does not apply to an

accused convicted of a misdemeanor." Later, and without expressly overruling the several cases which conflict with the ruling in Williams, our supreme court may have indicated a preference for the view espoused by the majority. State v. Troutman, 979 S.W.2d 271 (Tenn. 1998). In Troutman, our supreme court, in its determination that the 1989 Act required trial courts to make findings of fact only in felony sentencing, observed that "had the legislature intended this practice in misdemeanor sentencing, it could have so stated." Id. The high court reasoned that simply because the sentencing statute imposes certain rules in felony cases, those rules do not apply to misdemeanor cases, unless the statute expressly so provides.

Regardless as to whether the favorable presumption for probation applies, the eleven-month, twenty-nine day sentence appears to be within reason under these particular circumstances. The lack of candor on the part of the defendant and his failure to take responsibility for his actions are proper grounds for the denial of alternative sentencing or immediate probation. Thus a jail sentence was warranted. Because the incident took place in a public school and there was a significant risk to others, I concur with the imposition of a maximum sentence. That does not necessarily prevent the defendant from seeking relief after the service of a portion of the sentence.

_____
Gary R. Wade, Presiding Judge