# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JULY 1999 SESSION

FILED

August 12, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 03C01-9810-CC-00347 |
| Appellee, | ) | |
| | ) | BLOUNT COUNTY |
| VS. | ) | |
| | ) | HON. D. KELLY THOMAS, JR., |
| ARNOLD LEE POTTER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Assault: Sentencing) |

**FOR THE APPELLANT:**

**RAYMOND MACK GARNER**
District Public Defender

**SHAWN G. GRAHAM**
(At Trial)
Assistant District Public Defender
419 High Street
Maryville, TN 37804

**JULIE A. RICE**
(On Appeal)
P. O. Box 426
Knoxville, TN 37901-0426

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**MICHAEL L. FLYNN**
District Attorney General

**WILLIAM R. REED**
**LISA B. McKENZIE**
Asst. District Attorneys General
363 Court Street
Maryville, TN 37804-5906

OPINION FILED: _____

AFFIRMED - RULE 20 ORDER

JOE G. RILEY, JUDGE

# O R D E R

The sole issue in this appeal is whether the trial court erred in sentencing the defendant for simple assault to the maximum sentence of 11 months and 29 days and denying alternative sentencing. We **AFFIRM** the judgment of the trial court pursuant to Rule 20, Tennessee Court of Criminal Appeals.

# I

The defendant, Arnold Lee Potter, was tried by a jury in Blount County for the offense of aggravated assault and convicted of the lesser offense of simple assault. Although the trial transcript is not a part of the record, some basic facts are apparent from the sentencing hearing.

The defendant and his girlfriend, the victim, had lived together for several years. To say the parties had a stormy relationship would be an understatement. The victim apparently drank to excess on several occasions, leading to arguments with defendant. Invariably, the fight was on. An argument and fight ensued between them on December 9, 1996, resulting in numerous injuries to the victim. It was defendant's contention that he acted in self-defense. As stated, the jury convicted the defendant of the lesser offense of simple assault.

The defendant and the victim continued to live together after the trial. During this time, another physical confrontation occurred in which the defendant hit the victim in the nose with his fist. Again, the defendant claimed he acted in self-defense.

At the time of sentencing, the defendant was 35 years of age and serving a 45-day jail sentence for driving on a revoked license. In addition to that conviction, he had the following prior convictions or forfeitures: three DUI's, two other driving on revoked license, four marijuana possessions, an assault on an officer,

contributing to the delinquency of a minor and destruction of county property. He denied having an alcohol problem and admitted smoking marijuana subsequent to the trial. He was employed and had a ninth-grade education. Although the defendant acknowledged at the sentencing hearing that he still loved the victim, he had decided their relationship "ain't going to work. [I] haven't been back and ain't going to."

## II

In its findings, the trial court noted the defendant's extensive misdemeanor history, the numerous injuries inflicted upon the victim as reflected in the photographs introduced at trial, defendant's untruthfulness, defendant's smoking marijuana after the trial, defendant's again physically striking the victim after the trial, and defendant's poor rehabilitation potential. In setting bond, the trial court further found that the defendant was a danger to the victim and to himself.

## III

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). We also note that the trial court has more flexibility in misdemeanor sentencing than in felony sentencing. State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998).

The record does not contain the trial transcript. Since much of this evidence was relevant to sentencing, defendant's failure to include the trial transcript precludes effective appellate review. Troutman, 979 S.W.2d at 274; State v. Ballard, 855 S.W.2d 557, 561 (Tenn. 1993). Notwithstanding waiver, the record amply supports the trial court's imposition of the maximum misdemeanor sentence and the denial of alternative sentencing. Defendant has not overcome the presumption of correctness of the trial court's sentence.

IT IS, THEREFORE, ORDERED that the judgment of the trial court be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.  It is further ORDERED that costs be taxed to the state since defendant is indigent.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**GARY R. WADE, PRESIDING JUDGE**


_____
**DAVID H. WELLES, JUDGE**

4