IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
APRIL 2000 SESSION

## STATE OF TENNESSEE v. GERALD CATHEY

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-11437, Chris Craft, Trial Judge**

---

**No. W1999-00660-CCA-R3-CD - Decided May 12, 2000**

---

The appellant pled guilty to misdemeanor possession of cocaine and was ordered to serve his sentence of eleven months, twenty-nine days in the Shelby County Corrections Center. In this direct appeal, he asserts that the trial court should have granted a non-incarcerative sentence. After review, we find the record supports the trial court's sentencing decision and affirm the imposition of total confinement.

**T.R.A.P. 3(b) Appeal as of Right; Judgment of the Criminal Court affirmed**.

JUDGE DAVID G. HAYES delivered the opinion of the court, in which JUDGE DAVID H. WELLES and JUDGE ALAN E. GLENN joined.

William D. Massey and Lorna S. McClusky, Memphis, Tennessee, attorneys for appellant, Gerald Cathey.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Clinton J. Morgan, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

The appellant was indicted by the Shelby County Grand Jury for felony possession of cocaine in excess of one-half grams, a class B felony. Under the terms of the plea agreement, the appellant pled guilty to misdemeanor possession with the recommendation of an eleven month, twenty-nine day sentence. The manner of service of the sentence was submitted to the trial court for determination. Following a sentencing hearing, the trial court ordered confinement for the entire term of the sentence. On appeal, the appellant contends the trial court erred in denying a non-incarcerative alternative sentence.

After review of the record, we affirm the judgment of the trial court.

**Background**

On February 3, 1998, Memphis Police stopped a vehicle being driven by the appellant for violation of Tenn. Code Ann. § 55-9-107 (a)(1) (1998) (vehicle with front window tinting). As the officers approached the vehicle, they observed the passenger of the vehicle, "make a furtive movement down near the floor." Seized from the passenger's person "was a plastic bag with forty-three rocks of what was suspected to be crack cocaine. . . ." "It did test positive and weighed nine point two grams." The appellant "immediately stated that the crack cocaine was his and that he had given it to [the passenger]."

At the sentencing hearing, the thirty-five year old appellant again admitted that the cocaine was his and that he had given it to the passenger. He verified that he had previously been convicted of theft, vandalism, possession of marijuana, disorderly conduct, unlawful possession of a weapon, felony breach of trust, and several traffic offenses. The appellant's prior criminal history includes fourteen prior convictions. The appellant has been previously placed on probation and has violated the terms of his probated sentences. Since his arrest on the present offense, he has twice been arrested for driving on a revoked license. The appellant also testified that he began using cocaine at age seventeen and began smoking crack cocaine at age nineteen. He continues to use drugs and alcohol.[1] He admitted to the trial court that he was buying and smoking marijuana while he was on bond in the present case. To mitigate his drug abuse, the appellant stated that he is currently attending counseling and Alcoholics Anonymous for his drug use.

**Analysis**

The appellant contends that the trial court erred in not granting total probation or, in the alternative, a non-incarcerative sentence. This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1997). The presumption is afforded in the present case as the record reflects that the trial court properly considered the principles of sentencing. Additionally, the burden of showing that the sentence imposed is improper is upon the appealing party. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

The alternative sentencing provision of Tenn. Code Ann. § 40-35-104(a) (1997) provides that a misdemeanant, as well as the felon, is entitled to sentencing alternatives. However, unlike a felon, the statutory presumption regarding alternative sentencing does not apply to a defendant who has been convicted of a misdemeanor. State v. Williams, 914 S.W.2d 940, 949 (Tenn. Crim. App.1995). The trial court also has more flexibility in misdemeanor sentencing than in felony sentencing. State v. Troutman, 979 S.W.2d 271, 273 (Tenn.1998).

In the present case, the trial judge, in imposing a sentence of total confinement, stated:

---

[1]The presentence report indicates that prior to April 1999, the appellant was "smoking five to six blunts of marijuana a day " and consuming several beers and a pint of liquor a day.

Well, looking at probation considerations, it's just clear that [the appellant does not] deserve[] any probation. . . . [The appellant] with a horrible record, page after page of convictions and a Felony conviction for Fraud, had forty-three rocks of crack in our community, selling crack to people in our community. . . . And, he just didn't care about anybody else. A large amount of crack. Then, when he was stopped by the police, he gives it to [his companion.] [The appellant], after being arrested, felt so remorseful about it [he] continued to use illegal drugs, even after this guilty plea. [He] still continued to go and buy illegal drugs from drug dealers, continued to use drugs in the community. [The appellant] is continuing to drive, even though ordered not to, regardless of the laws, uninsured in our community, while smoking dope. [The appellant] is not rehabilitable [sic] at all. [He] has been placed on probation before and has continued to commit crimes. [He] ha[s] lied to the probation officer . . . . [He is] just absolutely unsuitable for any kind of rehabilitation. Although [he has] jobs now and [he] is saying [he is] going to change. If I gave [the appellant] probation, [he] would immediately begin driving on revoked licenses, buying dope from drug dealers and going on and committing crimes. And, all I'd be doing is spinning my wheels. Everything else has been tried other than incarceration . . . . . . . A month ago [he] was getting high and not worried about this case. . . .

Upon *de novo* review, we conclude that the record fully supports the trial court's denial of any non-incarcerative sentencing alternative. The factors related by the trial court are appropriate considerations for imposing a sentence of incarceration. It is overwhelmingly apparent from our review of the record in the present case that (1) the appellant has an extensive criminal history, Tenn. Code Ann. § 40-35-103(1)(A); (2) the amount of cocaine in the present case was of such an excessive or exaggerated degree as to warrant confinement to avoid depreciating the seriousness of the offense, Tenn. Code Ann. § 40-35-103(1)(B); (3) measures less restrictive than confinement have been unsuccessfully applied to the appellant in the past, Tenn. Code Ann. § 40-35-103(1)(C); and (4) the appellant is a poor candidate for rehabilitation, Tenn. Code Ann. § 40-35-103(5). Accordingly, we conclude that the appellant has failed to carry his burden of showing that he is entitled to a sentencing alternative other than total confinement.

The sentencing decision of the Shelby County Criminal Court is affirmed.

Judge David G. Hayes
Judge David H. Welles
Judge Alan E. Glenn

-3-