IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 29, 2002

## STATE OF TENNESSEE v. RICHARD ALAN HAWKINS

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 236534     Stephen M. Bevil, Judge**

_____

**No. E2002-01095-CCA-R3-CD**
**December 27, 2002**
_____

A Hamilton County jury convicted the defendant, Richard Alan Hawkins, of assault, a Class A misdemeanor. The trial court sentenced the defendant to eleven months and twenty-nine days in the county workhouse to be served at 75%. In this appeal, the defendant raises the following issues: (1) whether the state's witnesses violated the rule of sequestration, and (2) whether the defendant's sentence is excessive. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Bryan H. Hoss (on appeal) and Lloyd A. Levitt (at trial), Chattanooga, Tennessee, for the appellant, Richard Alan Hawkins.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; William H. Cox, III, District Attorney General; and Ruston L. Hill, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Kasey Ieng, the victim, testified that on January 17, 2001, while driving on Highway 153 in Hamilton County, the defendant drove up to her vehicle and closely followed her. The defendant then passed Ieng and cut his car in front of her car. Ieng stated she almost wrecked her car as a result, and she blew her horn at the defendant.

Ieng testified both she and the defendant took the next exit off the highway. She stated the defendant, who was in front of her, then began to periodically apply his brakes. The defendant then stopped his vehicle in the middle of the exit ramp. The defendant approached Ieng's car, which was parked behind his vehicle. The parties then began to "cuss" each other. Ieng stated the defendant

reached into her car, grabbed her by the neck, and choked her. The defendant then grabbed Ieng's face and pushed her into her seat. He also struck her across her cheek with his open hand.

Gary Payne testified he drove up to the two cars parked in the middle of the exit ramp and stopped his vehicle because he could not drive around them. Payne stated he saw the defendant reach into Ieng's car, and it appeared the defendant hit Ieng. Upon seeing Payne, the defendant left the scene in his vehicle.

Payne testified that after the defendant left, he approached Ieng's vehicle and asked her if she suffered any injury. Ieng said, "He hit me in my face." Payne then entered his vehicle and chased the defendant. When he caught up to the defendant, Payne wrote down the tag number of the defendant's vehicle. The defendant was subsequently arrested.

Ieng testified that after the incident, both her face and neck were red. She also received injuries to her neck and went to the emergency room.

The jury convicted the defendant of assault. The trial court sentenced him to eleven months and twenty-nine days in the county workhouse to be served at 75%.

## RULE OF SEQUESTRATION

The defendant contends the state's witnesses violated the rule of sequestration during trial. Specifically, the defendant alleges Payne, Ieng, and the prosecutor discussed the case in the hallway prior to Payne's taking the stand.

The defendant failed to include this issue in the motion for new trial. Therefore, this issue is waived. Tenn. R. App. P. 3(e); *see* <u>State v. Walker</u>, 910 S.W.2d 381, 386 (Tenn. 1995). Furthermore, we envision no plain error. *See* Tenn. R. Crim. P. 52(b).

## SENTENCING

The defendant contends the sentence imposed by the trial court is excessive. We disagree.

When imposing a sentence for a misdemeanor, the trial court must allow the parties a reasonable opportunity to be heard regarding the length of the sentence and manner in which it is to be served. Tenn. Code Ann. § 40-35-302(a). The trial court must specify the length of the sentence in months, days, or hours. Tenn. Code Ann. § 40-35-302(b). It should also specify a percentage of the sentence which must be served by the defendant before eligibility for "work release, furlough, trusty status and related rehabilitative programs." Tenn. Code Ann. § 40-35-302(d).

Unlike a felon, a defendant convicted of a misdemeanor enjoys no presumption of a minimum sentence. State v. Humphreys, 70 S.W.3d 752, 768 (Tenn. Crim. App. 2001). Still, the trial court should consider enhancement and mitigating factors, the purposes of the Criminal Sentencing Reform Act of 1989, and general sentencing principles in imposing the sentence and should not arbitrarily set the percentage to be served in actual confinement. Tenn. Code Ann. § 40-35-302(d). Although it would be a better practice for the trial court to make findings on the record when setting the percentage, there is no requirement that the trial court do so. State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998). When a defendant challenges the sentence, this court conducts a *de novo* review with a presumption the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d).

In the case at bar, the trial court sentenced the defendant to eleven months and twenty-nine days in the county workhouse to be served at 75%. The trial court stated that in determining this sentence, it relied upon the evidence presented at trial, the defendant's six prior convictions, and the defendant's explanation regarding his record. In requiring the defendant to serve 75% of his sentence in confinement, the trial court found the defendant committed the crime out of anger. The trial court also found the defendant had previously been sentenced to eleven months and twenty-nine days in the workhouse, which did not serve to deter him from committing other offenses. We conclude the trial court properly considered the circumstances of the case and the sentencing principles in determining the defendant's sentence.

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tennessee Code Annotated section 40-35-103(1):

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

In this case, the first consideration, "[c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct," applies. *See* Tenn. Code Ann. § 40-35-103(1)(A). The defendant has six prior convictions, including two convictions for aggravated burglary, three convictions for theft of property, and one conviction for fraudulent use of a credit card. Therefore, the defendant's prior record is extensive so as to qualify under the first consideration for confinement.

Confinement is also necessary in order to avoid depreciating the seriousness of the offense. *See* Tenn. Code Ann. § 40-35-103(1)(B). The trial court found that the defendant committed the assault out of anger. The trial court also recognized the growing problem of "road rage" and the dangers it poses.

We also note, as did the trial court, that the defendant committed some of his six prior offenses while he was out on bond for other offenses. Further, the defendant had served an eleven-month, twenty-nine-day sentence in the county workhouse prior to committing the instant offense. Nothing has deterred the defendant from committing other offenses. Therefore, the trial court properly ordered the defendant to serve his sentence in the county workhouse at 75%.

We affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE