IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 15, 2002 Session

## STATE OF TENNESSEE v. HOWARD KEITH LIGHTSEY

**Direct Appeal from the Criminal Court for Williamson County**
**No. I-1001-311      Donald P. Harris, Judge**

_____

**No. M2001-01042-CCA-R3-CD - Filed June 11, 2003**

_____

The appellant, Howard Keith Lightsey, was indicted by the Williamson County Grand Jury, on one count of possession of cocaine with intent to sell or deliver, one count of possession of marijuana, and one count of drug paraphernalia. The appellant entered a plea agreement and pled guilty to one count of simple possession of cocaine, one count of possession of marijuana and one count of possession of drug paraphernalia. Following a sentencing hearing on February 19, 2002, the trial court ordered another sentencing hearing for April 19, 2002. At that sentencing hearing the court sentenced the appellant to eleven months twenty-nine days on each count. This sentence was suspended except for twenty days and an aggregate fine of $1,150. The appellant now brings this appeal claiming that the trial erred in denying him full probation. We find the judgment of the trial court should be affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Glenn R. Funk, and Cynthia M. Fort, Nashville, Tennessee, for appellant, Howard Lightsey.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; Ron Davis, District Attorney General; and Matt Colvard, Assistant District Attorney General, for appellee, State of Tennessee.

**OPINION**

Background

On June 2, 2001, the Brentwood Police were called to investigate a report of an unauthorized person at a home on Stewart Lane in Brentwood. Officer Stephanie Beliss responded to the call and

upon arriving at the residence observed a white BMW parked in the driveway. Officer Beliss met the homeowner's son-in-law and together they entered the home.

The appellant was in the kitchen, with wet hair, partially clothed and barefoot. He was carrying a shirt and shoes in his hand. The appellant indicated that he was an interior design architect hired by the homeowners to design a master suite addition. Officer Beliss noted that Appellant was behaving very erratically and jumped from subject to subject. Based on those observations, she got consent to pat him down. As a result, she found a bag of marijuana in his pants pocket. In the shoes, Officer Beliss found a pack of cigarettes with a straw cut in half, containing cocaine residue and a pack of rolling papers. The officer then asked to search the appellant's BMW and he consented. That search revealed some rock like substance resembling crack cocaine.

Appellant contends that the items found in the search were not his, but were those of a deceased friend. Appellant stated that his previous partner had died of AIDS and several friends packed his personal belongings and shipped them from Texas to him. Appellant also stated he was evicted from his former apartment at the Jacksonian when it was torn down and therefore had been forced to relocate several times and had numerous boxes piled up everywhere. Appellant offered no explanation regarding how the bag of marijuana came to be in his pant pocket.

At the sentencing hearing, Appellant stated that on the day in question, he removed some boxes from storage seeking drafting equipment to use on the project in Brentwood. He alleges that until he opened the boxes he did not know the contents. Officer Beliss testified that she did not recall the defendant ever mentioning that the drugs were in a box and has no recollection of seeing a box. The Appellant also stated that the shoes he was carrying were inside the box and were those of his deceased friend. Officer Beliss testified that appellant put on the shoes prior to being taken to jail.

Argument

The appellant contends that the trial court erred by not sentencing him to full probation. The Tennessee Supreme Court has stated that in misdemeanor sentencing the trial court did need not make specific findings of fact on the record, so long as it appears the trial judge considered the principles of sentencing in the code and applicable enhancement or mitigating factors. Tenn. Code Ann. § 40-35-302(d); State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998). The defendant has the burden of establishing suitability for full probation. Troutman, 979 S.W.2d at 274; State v. Housewright, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997); Tenn. Code Ann. § 40-35-303(b).

In the instant case the appellant pled guilty to the drug offenses for which he was convicted. There is no transcript in this record of what transpired at the hearing wherein the pleas were accepted by the trial court and the parties have not pointed us to anything in the record that would demonstrate

that the pleas were so-called "best interest" or <u>Alford</u> pleas.[1]  It therefore appears that the guilty pleas in this case were ones wherein the appellant, by pleading guilty, admitted guilt.  Tenn. R. Crim. P. 11(f); <u>State v. Lord</u>, 894 S.W.2d 312, 316 (Tenn. Crim. App. 1994).

Nevertheless, at the sentencing hearing the appellant continued to insist the drugs he possessed were not his but those of his deceased friend, and that he was not aware of their presence in the friend's belongings until only shortly before his arrest when he inadvertently discovered the drugs.  This failure to accept responsibility for his criminal acts and lack of candor on the part of the appellant at sentencing reflect poorly on his potential for rehabilitation. These can form the basis for a denial of complete probation. <u>State v. Zeolia</u>, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); <u>State v. Dowdy</u>, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994); <u>see also</u> Tenn. Code Ann. § 40-35-103(5).

Based on the foregoing we hold, despite the many positive aspects of the appellant's life, that the defendant has not met his burden on appeal to show that the trial court erred in requiring an incarcerative sentence of twenty days.  Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

---

[1] This type of plea is named for <u>North Carolina v. Alford</u>, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) in which the United States Supreme Court discussed the right of an accused to plead guilty in his best interest while protesting his actual innocence.