IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 28, 2003

**STATE OF TENNESSEE v. HOYLE ORR**

**Appeal from the Circuit Court for Blount County**
**No. C-13240-41     D. Kelly Thomas, Jr., Judge**

---

**No. E2002-03061-CCA-R3-CD**
**December 13, 2003**

---

The defendant, Hoyle Orr, appeals as of right from his convictions following a bench trial in the Blount County Circuit Court for driving under the influence (DUI), third offense, a Class A misdemeanor, and driving on a revoked license, a Class B misdemeanor. The defendant received concurrent sentences of eleven months, twenty-nine days for the DUI and six months for driving on a revoked license and was ordered to serve seven months of his sentence in the county jail, the remainder on probation. He was fined one thousand, one hundred dollars and his license was revoked for three years. The defendant contends that (1) the evidence is insufficient to support his conviction for DUI, and (2) the trial court erred by sentencing him to more than the statutory minimum amounts of confinement for the convictions. We affirm the judgments of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Raymond Mack Garner, District Public Defender, and Shawn G. Graham, Assistant District Public Defender, for the appellant, Hoyle Orr.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Michael A. Gallegos, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's arrest on April 4, 2000, for DUI and driving on a revoked license. Although no record exists from the defendant's trial, the parties stipulated that the following evidence was presented at the trial: Eddie Davis, a patrol officer for the City of Maryville, testified that he received a call to watch for a blue Ford truck traveling south on U.S. Highway 129. Davis said that when he saw the defendant driving the blue Ford truck, he was driving about five miles per hour in an area where the speed limit was forty miles per hour. He said that the defendant entered

a Kentucky Fried Chicken parking lot and pulled up to the drive-through window but did not roll his window down to place an order. Davis said that although he had activated his emergency lights and approached the defendant's truck, the defendant did not notice him until Davis knocked on the driver's side window. Davis said the defendant was "thick tongued" and had a strong odor of alcohol on his breath and person. He said the defendant was unsteady on his feet and had difficulty standing. Davis said that after being unable to perform any field sobriety tests on the defendant, he placed the defendant under arrest. He said that the defendant refused to submit to a blood alcohol test and that his investigation revealed two bottles of liquor inside the defendant's truck.

The defendant testified at trial that he consumed two beers in the afternoon on April 4, 2000. He said he was driving thirty-five miles per hour while on U.S. Highway 129. He said he did not see Davis at his window at the Kentucky Fried Chicken restaurant because he did not have any reason to be looking for the police. The defendant said he was unable to perform the field sobriety tests correctly because of a bad back and refused to take a blood alcohol test because he was afraid of needles. The trial court found the defendant guilty of DUI, third offense, and driving on a revoked license.

At the sentencing hearing, the defendant testified that he was sixty-three years old and was in poor medical condition, with liver, kidney, and heart problems. He said he had a prior DUI in Blount County in 1997 or 1998 but did not remember receiving a DUI in 2000 before his arrest on the present charge. He said that after his arrest in this case, he was charged with additional DUI's in Blount, Monroe, and Loudon Counties. On cross-examination, the defendant denied receiving a DUI in Blount County in 1981 but admitted to being convicted of two prior DUI's. He said he did not remember pleading guilty to a DUI in Knox County on May 24, 2001, and did not remember being charged with leaving the scene of an accident in Blount County on June 26, 2002. He acknowledged that he did not have a driver's license.

## I. SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence is insufficient to support his conviction for DUI. He acknowledges that he was driving after drinking alcohol on the day of the offense but argues that the state did not prove beyond a reasonable doubt that he was intoxicated. The state contends that the evidence is sufficient. We agree with the state.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Tennessee's DUI statute, T.C.A. § 55-10-401, provides, in pertinent part, as follows:

(a) It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys . . . while:

(1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system; or

(2) The alcohol concentration in such person's blood or breath is ten-hundredths of one percent (.10%) or more.

Id. § 55-10-401(a)(1)-(2). The defendant concedes that he was driving the blue Ford truck and that he drank alcohol on April 4, 2000. Officer Davis testified that the defendant smelled of alcohol, had difficulty walking and keeping balance, could not understand the field sobriety tests, and refused to take a blood alcohol content test. There were two bottles of liquor found inside his truck. The trial court could have inferred from this evidence that the defendant was guilty beyond a reasonable doubt of driving under the influence.

## II. SENTENCING

The defendant contends that the trial court erred by sentencing him to confinement above the statutory minimum of one hundred twenty days for the DUI conviction and two days for the driving on a revoked license conviction. The defendant argues that the trial court should have considered statutory enhancement and mitigating factors on the record and that because it did not, the defendant should receive the statutory minimum time in jail. The state contends that the record supports the trial court's determination that the defendant should serve an effective seven-month sentence in confinement for DUI and driving on a revoked license.

Appellate review of misdemeanor sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d), -402(d). As the Sentencing Commission Comments to T.C.A. § 40-35-401(d) note, the burden is now on the appealing party to show that the sentence is improper. In misdemeanor sentencing, the court must consider the purposes and principles of the Criminal Sentencing Reform Act of 1989. T.C.A. § 40-35-302(d); see State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998). In DUI cases, T.C.A. § 55-10-403(c) essentially mandates a maximum sentence for DUI, "with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended." State v. Combs, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996).

In sentencing the defendant to serve seven months in the county jail, the trial court noted the defendant's two prior convictions for DUI but did not apply any enhancement or mitigating factors

on the record. See T.C.A. § 40-35-113, -114 (amended 2002).[1] The defendant contends that because the trial court failed to consider enhancement and mitigating factors on the record, the defendant should receive the statutory minimum sentences for his convictions. The supreme court has held, however, that a trial court does not have to consider enhancement or mitigating factors on the record. Troutman, 979 S.W.2d at 274. In Troutman, the court stated:

> while the better practice is to make findings on the record when fixing a percentage of a defendant's sentence to be served in incarceration, a trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute.

Id. Thus, in misdemeanor cases, unlike felonies, the trial court is not required to place enhancement or mitigating factors on the record. See State v. Humphreys, 70 S.W.3d 752, 770 (Tenn. Crim. App. 2001).

The record reflects that this is, at least, the defendant's third conviction for DUI. In addition, he has been charged with two DUI's since his arrest in this case. In this respect, the defendant essentially acknowledged that he continued to drive on a revoked license. The defendant did not acknowledge any guilt and failed to take responsibility for his actions. The record reflects a continuing disregard for the law that does not bode well for the defendant's rehabilitation chances. Our review of the record shows that the trial court sentenced the defendant properly as provided in T.C.A. § 40-35-103. See Troutman, 879 S.W.2d at 272 ("Society demands protection from those who habitually drink and drive in complete disregard for the welfare of others and for the laws of this state.").

Based on the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOSEPH M. TIPTON, JUDGE

---

[1] The legislature's 2002 amendment to T.C.A. § 40-35-114, effective July 4, 2002, added as the new enhancement factor (1) that the "offense was an act of terrorism" but changed the existing enhancement factors only by increasing their designating number by one.