IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 20, 2009

## STATE OF TENNESSEE v. BETHANY DAWN HUNT

**Direct Appeal from the Circuit Court for Marshall County**
**No. 08CR64     Robert Crigler, Judge**

_____

**No. M2008-01983-CCA-R3-CD - Filed January 28, 2010**

_____

Appellant, Bethany Dawn Hunt, was convicted on her open guilty plea to a Marshall County Grand Jury indictment for burglary, illegal possession of a debit card, and two counts of theft of property valued at less than $500. The trial court merged the theft convictions and imposed an effective sentence of three years and three months in confinement. Appellant appeals, asserting the sentence is excessive and contrary to law. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Michael J. Collins, Shelbyville, Tennessee, for the appellant, Bethany Dawn Hunt.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Charles Crawford, District Attorney General; Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

At her June 25, 2008, plea hearing, the State recited the following facts upon which the Appellant's pleas were based. Appellant sought treatment in the emergency room of the Marshall County Hospital on April 21, 2008. She was on probation for a previous conviction at the time. After arriving at the hospital, Appellant went into a non-public office; rummaged

through a nurse's purse; and took a Walmart Discover card, a Walmart discount card, an ATM card, and between $15 and $20 in cash. She then left the hospital and "hitched" a ride toward her apartment in a van driven by two people she did not know and who were completely unaware of what she had done. Witnesses outside the hospital recalled seeing an individual matching a nurse's description of Appellant. The individual got into a maroon van, and the van drove away "in a certain direction." The van was stopped by police, and Appellant was asked to step out. Police found the cards on the floor next to where Appellant was seated. Appellant was arrested and admitted to the theft of the cards, but she denied taking any cash and claimed to have only $5 in her possession. A search later revealed she had a total of $16, which fell into the $15-$20 range the victim told police was taken. Appellant generally accepted the State's version of the facts, and pled to the indictment.

The trial court sentenced Appellant on August 6, 2008. The only witness to testify at the hearing was Appellant's probation officer, Jamie Staggs, who prepared the presentence report. Ms. Staggs' testimony and her presentence report revealed the following. Appellant, who was 30 years old at the time of the offense, admitted to Ms. Staggs that she committed the crimes. However, she told Ms. Staggs that she did not know what she was doing and that she went to the hospital seeking treatment for an attempted suicide.

With respect to her medical issues, Appellant claimed she dropped out of high school after being diagnosed with Lupus. She also reported having rheumatoid arthritis, acid reflux, and depression. At the time of the presentence report, Appellant had been prescribed a number of medications. She admitted that she had spent more than a decade on methadone and admitted to using crack cocaine "every so often" since she was 24 or 25.[1] Appellant reported that she had worked only 13 months in her entire life.

The presentence report reflects that the Appellant's criminal history is lengthy. Her record contains nine convictions since 2003. Those offenses include contributing to the delinquency of a minor; assault; driving on a suspended license; public intoxication; and possession of drugs and drug paraphernalia, including cocaine and methamphetamine. Appellant has been repeatedly placed on probation. Indeed, she was on probation for a 2006 drug conviction at the time of the instant offense. Moreover, Ms. Staggs also testified that Appellant was on probation for another conviction when she committed her 2006 offense.

Ms. Staggs noted that Appellant had sought counseling for her addictions. Appellant provided Ms. Staggs a letter from an admissions counselor at Buffalo Valley stating that she had been accepted into the facility for treatment.

---

[1] This is the only drug use admitted in the presentence report. However, in her statement to the court at sentencing, Appellant noted that it was the first time in 14 years she had been narcotic-free.

After Ms. Staggs' testimony, the court heard argument from both sides. The State asserted that Appellant's sentence should be enhanced because of (1) her prior criminal history; (2) her failure to comply with the conditions of release from a prior sentence; and (3) the fact that this offense was committed while she was on probation. The State conceded that the court should consider Appellant's acceptance of responsibility as a mitigating factor; however, the State argued that the court should weigh the enhancing factors heavily in making its determination. The State asked the court to consider that these offenses victimized healthcare employees and that they occurred in an emergency room.

While the defense acquiesced in the application of the enhancement factors submitted by the State, it contested the State's argument regarding the weight to be given the factors in arriving at the sentence. The defense also argued that additional mitigating factors should be considered. In particular, the defense argued that Appellant's sentence should be mitigated because she did not cause or threaten serious bodily injury. In addition, the defense asserted that Appellant had a potentially strong argument that, because the crime took place in a private portion of an otherwise public building, it was not truly a burglary. The defense contended that such an argument could have persuaded the jury to acquit the Appellant on the burglary charge. Consequently, the defense reasoned, Appellant should get far more credit for accepting responsibility for her actions than the State suggested. The defense also noted that Appellant's acceptance of responsibility had spurred her to seek treatment on her own. Thus, the defense asked the court for a sentence of split confinement or another form of alternative sentencing.

After hearing the arguments, the trial court sentenced Appellant to an effective term of 3 years and 3 months. The court considered the absence of serious bodily harm, or threats thereof, as a mitigating factor, but afforded it "very slight weight." It also considered Appellant's acceptance of responsibility. Furthermore, the court sua sponte applied a mitigation factor based on the unusual circumstances of the offense, i.e., the offense occurred while Appellant was "probably high as a kite" and did not evidence a "sustained intent to violate the law." The court accepted the State's arguments regarding each of the three enhancements the State advocated. In particular, the court noted Appellant's long criminal history and her repeated failure to comply with release requirements. Those repeated failures lead the court to conclude that incarceration was necessary to protect the public from Appellant, and that less restrictive alternatives were not effective. Thus, the court denied alternative sentencing and ordered the Appellant to serve concurrent terms of three years and three months on the burglary conviction, 11 months and 29 days for the theft conviction, and six months for the illegal possession of a debit card conviction.

## II. Analysis

Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008); State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169. However, in sentencing on misdemeanor convictions, the "trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute." State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998).

Appellant contends her sentence is contrary to law because it is greater than necessary to serve the purposes of the Sentencing Act. In particular, Appellant asserts that the relatively small amount taken in this case and the fact that it occurred in the private part of a public building indicates "that this was no crime of such dimensions that justice would demand [the] sentence imposed." In addition, Appellant argues that the trial court erred in not considering the scarcity of prison resources.

We are not persuaded. The record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances. In particular, the trial court duly considered the severity of the offense, and the Appellant's criminal history. See Tenn. Code Ann. § 40-35-102(1), -(3)(B). It also considered the need for confinement to protect society and the repeated ineffectiveness of less restrictive measures. See Tenn. Code Ann. § 40-35-103(1), -(5). The court placed great weight on the Appellant's criminal history and the fact that Appellant had committed other crimes, including this one, while on probation for previous offenses. In the face of a ballooning criminal record and the repeated ineffectiveness of less restrictive measures, the court concluded that incarceration was necessary. We see no error in its decision. Moreover, we are not at liberty to reweigh the various mitigating and enhancing factors even if we were so inclined. See Carter, 254 S.W.3d at 345. Regardless, we conclude the trial court carefully conducted the "case-by-case

-4-

approach" required by our sentencing laws.  See Ashby, 823 S.W.2d at 168 (quoting State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986)).

As noted above, Appellant has the burden of demonstrating the trial court's errors in sentencing.  See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; see also Carter, 254 S.W.3d at 344-45.  She has not carried that burden.

### III.  Conclusion

Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE