# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 29, 2012

## STATE OF TENNESSEE v. RANDALL MASON NUNN

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S58431 & S58432      R. Jerry Beck, Judge**

---

**No. E2011-01881-CCA-R3-CD - Filed July 25, 2012**

---

Defendant, Randall Mason Nunn, pursuant to a plea agreement, pled guilty in the Criminal Court of Sullivan County to misdemeanor theft of services, a Class A misdemeanor, and to the Class A misdemeanor offense of failure to appear.  Pursuant to the agreement, he received concurrent sentences of 11 months and 29 days with a 75% service of the effective sentence prior to eligibility for work release, furlough, trusty status, and related rehabilitative programs.  The issue of whether Defendant would serve his sentence totally in confinement or by some other alternative sentence was to be determined by the trial court on a later date announced in open court and acknowledged by Defendant.  Defendant, who was represented by counsel throughout the proceedings, failed to appear for his scheduled sentencing hearing, or for any of the three subsequently scheduled sentencing hearings.  Each time Defendant's counsel announced that Defendant had just reported to counsel that Defendant's child had a medical condition which required Defendant's presence  at hospitals in Knoxville and later in Nashville.  The trial court held the last scheduled hearing with Defendant absent and ordered Defendant to serve his entire sentence.  Defendant appeals, arguing he should have been granted alternative sentencing.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and ROGER A. PAGE, JJ., joined.

Stephen M. Wallace, District Public Defender; and Andrew J. Gibbons, Assistant Public Defender, (on appeal); and C. Brad Sproles, Kingsport, Tennessee, (at trial) for the appellant, Randall Mason Nunn.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; H. Greeley Welles, Jr., District Attorney General; Patrick Denton,

Assistant District Attorney General; and Joseph E. Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On appeal Defendant does not assert that the trial court committed error by holding the sentencing hearing in Defendant's absence. Prior to the offenses in the case in this appeal, in January 2010, Defendant was convicted of Class D felony theft which occurred on November 15, 2007, and received a two-year sentence, suspended, and was placed on probation. On the same day in court, Defendant pled guilty to an additional charge of Class D felony theft which occurred on December 12, 2006, and received the same sentence. Prior to these convictions, Defendant had convictions for speeding (72 m.p.h. in a 55 m.p.h. zone) and for driving without a license in his possession for which he received a sentence of 30 days, suspended. Both of the offenses which are the subject of this appeal were committed within six months of Defendant's placement on supervised probation for the felony offenses.

Defendant's probation officer was the only witness who testified at the sentencing hearing. He stated that despite requests to Defendant to provide documentation regarding Defendant's son's medical problems, Defendant had failed to provide any such information. Furthermore Defendant had failed to provide the officer with any legitimate telephone numbers to confirm Defendant's employment. The trial court thoroughly reviewed the information in the pre-sentence report and ultimately denied any form of alternative sentencing.

When there is a challenge to the manner of service of a sentence, this Court must conduct a de novo review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." *Id*. The trial court "has more flexibility in misdemeanor sentencing than in felony sentencing." *State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999) (citing *State v. Troutman*, 979 S.W.2d 271, 273 (Tenn. 1998)).

Defendant pled guilty to two Class D felony thefts in January 2010. In March 2010, he committed the offense of Class A misdemeanor theft of services, and in July 2010, he committed the offense of failure to appear in General Sessions Court for the theft of services charges. He repeatedly failed to appear (four times) for his sentencing hearing and refused repeatedly to provide *any* documentation to confirm his purported excuse for not appearing in court. He has a history of refusing requests of his probation officer to provide

documentation regarding employment. The record is replete with evidence to support the trial court's decision. Defendant is entitled to no relief in this appeal.

## CONCLUSION

The judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, JUDGE