# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 12, 2003 Session

## STATE OF TENNESSEE v. CARLOS CURRY

### Direct Appeal from the Circuit Court for Williamson County
### No. 94-031  Donald P. Harris, Judge

---

### No. M2002-03022-CCA-R3-CD - Filed December 8, 2003

---

The Appellant, Carlos A. Curry, was convicted by a jury of first offense driving under the influence of an intoxicant. However, the jury acquitted the Appellant of four counts of vehicular homicide. Following a sentencing hearing, the trial court ordered the Appellant to serve eleven months and twenty-nine days in the county jail. Because we find that the trial court did not err in sentencing the Appellant, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Virginia Lee Story, Franklin, Tennessee, for the appellant, Carlos Curry.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; Ron Davis, District Attorney General; and Mary Katharine White, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

A cursory review of the facts adduced at trial will be helpful to an understanding of our review of the Appellant's case. On April 7, 2001, the Appellant celebrated his twenty-fifth birthday. At around 3:00 that morning, police officers were called to the scene of an accident in which the Appellant was involved. The officers testified that the Appellant smelled of alcohol. A sample of the Appellant's blood was taken, and it was determined that his blood alcohol level was .14. Police experts, who analyzed the scene of the accident, testified that the Appellant's vehicle crossed into the oncoming lane of traffic, where it struck a Cadillac. There was also evidence that the Appellant was speeding at the time of the crash. All four passengers in the Cadillac died. Based on this evidence, the Appellant was convicted of first offense DUI, but the jury found him not guilty of all four counts of vehicular homicide.

Following a sentencing hearing, the trial court ordered the Appellant to serve his eleven month, twenty-nine day sentence in confinement. In reaching his conclusion, the trial judge noted that the Appellant had been declared not guilty of all four counts of vehicular homicide. However, the judge opined that the four deaths were an important circumstance of the offense that may have been avoided were it not for the Appellant's intoxication.

The sole issue raised by the Appellant is whether the trial court imposed an excessive sentence. When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the Appellant to show the impropriety of the sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

DUI, first offense, is a Class A misdemeanor. See Tenn. Code Ann. § 55-10-403(m). Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. See Tenn. Code Ann. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. See State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998); State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

Our legislature has provided that a defendant convicted of first offense DUI "shall be confined . . . for not less than forty-eight hours nor more than eleven months and twenty-nine days." Tenn. Code Ann. § 55-10-403(a)(1). In effect, the statute mandates a maximum sentence for a DUI conviction, which is eleven months and twenty-nine days, and the only function of the trial court is to determine what period above the statutory minimum period of incarceration, if any, is to be suspended.[1] See Troutman, 979 S.W.2d at 273; State v. Combs, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996).

The trial court in this case ordered the Appellant to serve his entire eleven month and twenty-nine day sentence in the county jail. The Appellant asserts that the trial court erred by considering, as a circumstance of the DUI offense, the deaths of the four passengers of the Cadillac when sentencing the Appellant, despite the fact that the jury acquitted the Appellant of any responsibility for those four deaths. In support of his argument that enhancement of a sentence based upon the consideration of a charge for which a defendant is acquitted is improper, the Appellant cites State v. Dockery, 917 S.W.2d 258 (Tenn. Crim. App. 1995) and State v. James E. Brice, No. 03C01-9605-CC-00189, 1996 WL 689923, at *4 (Tenn. Crim. App., Knoxville, Dec. 3, 1996). In Dockery, this

---

[1] Unlike other misdemeanor offenders, a DUI offender may be "sentenced to serve the entire eleven month and twenty-nine day sentence imposed as the maximum punishment for DUI." State v. Palmer, 902 S.W.2d 391, 394 (Tenn. 1995).

Court held that consideration of the death of a victim may not be used as an enhancement factor for a DUI conviction where the defendant had been acquitted of vehicular homicide. See Dockery, 917 S.W.2d at 262. Likewise, in Brice, the defendant was acquitted of vehicular homicide and leaving the scene of an accident, but he was found guilty of DUI. This Court held that, because he had been acquitted of vehicular homicide, the death of the victim could not be used to trigger the enhancement factor that the crime was committed under circumstances in which the potential for bodily injury to a victim was great. See Brice, 1996 WL 689923, at *4 (citing Tenn. Code Ann. § 40-35-114(17) (2002 Supp.)).

The State concedes in its brief that the trial court erred by considering the deaths of the four passengers of the Cadillac since the appellant was acquitted of the four counts of vehicular homicide, and the State cites Dockery and Brice in support of its position. However, both the Appellant and the State overlook the fact that these cases have been overruled by our supreme court's decision in State v. Winfield, which specifically states that "a sentencing court may apply an enhancement factor based on facts underlying an offense for which the defendant has been acquitted, so long as the facts have been established in the record by a preponderance of the evidence." 23 S.W.3d 279, 283 (Tenn. 2000); see also State v. Brenda F. Jones, No. W2002-00751-CCA-R3-CD, 2003 WL 21756681, at *3 (Tenn. Crim App., Jackson, July 29, 2003); State v. Thomas Wayne Shields, No. W2000-01524-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 18, at *31 (Jackson, Jan. 4, 2002).

In the instant case, the trial judge mentioned during his ruling that the enhancement factors need not be proven beyond a reasonable doubt. The trial judge stated that he thought it was "probable" that, had the Appellant not been intoxicated, he could have taken measures that would have resulted in a less severe accident or avoided the accident altogether. From the trial court's remarks, it is clear that he found by a preponderance of the evidence that the victims' deaths were at least in part the result of the Appellant's conduct. Therefore, consideration of the deaths of the four victims in setting the Appellant's sentence was not error.

The judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE