# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 18, 2012

## JACKIE CALDWELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Campbell County**
**No. 14727     E. Shayne Sexton, Judge**

**No. E2012-00085-CCA-R3-PC - Filed December 21, 2012**

The petitioner, Jackie Caldwell, appeals the Campbell County Criminal Court's denial of her petition for post-conviction relief. The petitioner stands convicted of aggravated rape and is serving a twenty-two year sentence in the Department of Correction. On appeal, she raises the issues of ineffective assistance of counsel and an improper sentence. Following review of the record before us, we affirm the denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Jackie Caldwell, pro se (on post-conviction appeal); Steve Sams and J. Liddell Kirk, Knoxville, Tennessee (at post-conviction hearing); for the appellant, Jackie Caldwell.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; William Paul Phillips, District Attorney General; and Scarlette W. Ellis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History and Factual Background

In August 2006, the petitioner was indicted by a Campbell County jury for aggravated

rape, rape of a child, and attempted rape of a child. These charges arose from the petitioner's actions of joining with her boyfriend in the sexual abuse of his minor child. *State v. Jackie Caldwell*, No. E2008-00307-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Oct. 6, 2009). In this court's opinion, it was noted that:

> [In the course of an interview conducted by the LaFollette Police Department, the petitioner] admitted that she held H.A. down during an encounter at [her boyfriend's house] and "performed oral sex" on the victim before her father raped her. [The petitioner] also informed Detective Allen that [she] witnessed [her boyfriend] fondle H.A. under her skirt one time and fondle the victim one time while she [was] lying on a couch. . . . According to [the petitioner, her boyfriend] "held a gun to her head and made her perform oral sex on [H.A.]."

*Id*. After hearing the evidence presented at trial, the jury convicted the petitioner of aggravated rape, criminal responsibility for facilitation of rape of a child, and criminal responsibility for facilitation of criminal attempt to commit aggravated sexual battery. *Id*. The petitioner was sentenced by the trial court to an effective sentence of twenty-two years in the Department of Correction. Following the denial of her motion for new trial, the petitioner filed a direct appeal with this court. On direct appeal, the petitioner raised the issues of: (1) sufficiency of the evidence; (2) issues of identity and presence; and (3) application of enhancing factors in violation of *Blakely v. Washington* and failure to apply mitigating factors. *Id*. After reviewing the record, this court concluded that the evidence was not sufficient to support the petitioner's two criminal responsibility convictions and reversed. However, the court did affirm the petitioner's conviction for aggravate rape, as well as the twenty-two years sentence imposed. *Id*.

Thereafter, in October, 2010, post conviction counsel for the petitioner filed a petition for post-conviction relief alleging several claims of ineffective assistance of counsel. Specifically, the petitioner claimed trial counsel: (1) failed to request certain jury instructions; (2) failed to require the State to make an election of offenses; and (3) failed to render appropriate advice concerning a plea agreement offer. At some point, a hearing was apparently held on the matter, at which trial counsel and the petitioner testified. However, no transcript of that hearing is contained in the record before us. The post-conviction court entered a written order denying relief on December 13, 2011. In denying the petition, the post-conviction court's sole basis, as noted in the order, was the accreditation of trial counsel's testimony rather than the petitioner's, which the court "found to be incredible." The petitioner, proceeding pro se, has timely appealed the denial of her petition for relief.

**Analysis**

On appeal, the petitioner has denoted two issues for our review: (1) whether the post-conviction court erred in denying her petition; and (2) whether the trial court erred in considering certain enhancement factors in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). Initially, we note that we are precluded from consideration of issue (2), the petitioner's sentencing challenge. That exact issue was raised and heard before this court on direct appeal. This court found the sentence was a proper in light of the fact that the petitioner waived her ex post facto rights and was sentenced pursuant to the new sentencing laws. *Id*. Therefore, the issue had been pre-determined and is not appropriate for reconsideration by this court. *See* T.C.A. § 40-30-106(f), (h); *see also Coleman v. State*, 341 S.W.3d 221, 356 (Tenn. 2011).

With regard to the petitioner's contention that the court erred in denying her petition, she appears to base her argument upon the facts that: (1) since the majority of her convictions were dismissed on direct appeal, the aggravated rape conviction should have been as well; (2) trial counsel's performance was deficient, and prejudice resulted (although she cites to no specific instance of deficiency); and (3) the trial court failed to give a complete charge of the law to the jury. In order to obtain post-conviction relief, a petitioner must prove that his or her conviction or sentence is void or voidable because of the abridgement of a right guaranteed by the United States Constitution or the Tennessee Constitution. T.C.A. § 40-30-103 (2010); *Howell v. State*, 151 S.W.3d 450, 460 (Tenn. 2004). A post-conviction petitioner must prove allegations of fact by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); *Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)). In an appeal of a court's decision resolving a petition for post-conviction relief, the court's findings of fact "will not be disturbed unless the evidence contained in the record preponderates against them." *Frazier v. State*, 303 S.W.3d 674, 679 (Tenn. 2010). Moreover, witness credibility determinations rest within the sound discretion of the post-conviction court. *State v. Odom*, 40 S.W.3d 450, 458 (Tenn. 2001).

A criminal defendant has a right to "reasonably effective" assistance of counsel under both the Sixth Amendment to the United States Constitution and Article I, Section 9, of the Tennessee Constitution. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). The right to effective assistance of counsel is inherent in these provisions. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984); *Dellinger*, 279 S.W.3d at 293. To prove ineffective assistance of counsel, a petitioner must prove both deficient performance and prejudice to the defense. *Strickland*, 466 U.S. at 687-88. Failure to satisfy either prong results in the denial of relief.

*Id*. at 697.

A claim of ineffective assistance of counsel raises a mixed question of law and fact. *Burns*, 6 S.W.3d at 461; *Grindstaff*, 297 S.W.3d at 216. Consequently, this court reviews the trial court's factual findings de novo with a presumption of correctness, unless the evidence preponderates against the trial court's factual findings. *Grindstaff*, 297 S.W.3d at 216. But the trial court's conclusions of law on the claim are reviewed under a purely de novo standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

In the record before us, no transcript of the post-conviction hearing is included. Nor has the petitioner included any record whatsoever from her trial. It is the duty of an appellant to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b). Even taking into account that the petitioner in this case is pro se, there are specific requirements regarding the record on appeal and the contents of briefs filed with the appellate courts. *See generally* Tenn. R. App. P. 24-30. Even if a complete transcript or record is not readily available, Rule 24 (c) of the Tennessee Rules of Appellate Procedure permits the use of a narrative statement of the evidence in an appeal "if no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available." However, Rule 24(c) explicitly provides that in such a situation, "the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection."

The petitioner in this case has simply failed to comply with the Rules of Appellate Procedure. This court is one of review and cannot properly address the petitioner's issues without a transcript or statement of the proceedings. Again, it is incumbent upon the petitioner to prepare a record that includes all material necessary for disposition of the appeal. *See* Tenn. R. App. P. 24(b) & (c); *see also State v. Troutman*, 979 S.W.2d 271 (Tenn. 1998) (holding that failure to include trial transcript on appeal waived challenge to sentence); *State v. Ballard*, 855 S.W.2d 557 (1993) (holding failure to include transcript precludes appellate review); *State v. Oody*, 823 S.W.2d 554 (Tenn. Crim. App. 1991) (holding trial court's ruling presumed correct in absence of an adequate record on appeal). Review of the petitioner's issues on this record is simply not possible. In this absence of an evidentiary record, this court must affirm the post-conviction court's findings. Moreover, the post-conviction court's order makes clear that the resolution of the petition at the hearing was based solely on credibility determinations, which are determinations that this court does not reweigh or re-evaluate on appeal. *See Burns*, 6 S.W.3d at 461.

## CONCLUSION

Based upon the foregoing, the denial of post-conviction relief is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE