IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 17, 2017

**STATE OF TENNESSEE v. TREVOR H. TAYLOR**

**Appeal from the Criminal Court for Sullivan County
No. S66141   James F. Goodwin, Judge**

_____

**No. E2016-01920-CCA-R3-CD**

_____

Defendant, Trevor H. Taylor, pled guilty to three separate sales of cocaine. Corresponding guilty pleas to delivery of cocaine were merged with the sale of cocaine convictions. The negotiated plea agreement set a sentence of three years for each conviction, to be served concurrently with each other for an effective sentence of three years. The manner of service of the sentence was left to the determination of the trial court at a separate sentencing hearing. The trial court ordered the entire sentence to be served by incarceration. Defendant appeals, arguing that the trial court erred by denying "probation or other appropriate alternative sentencing." After review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Stephen M. Wallace, District Public Defender; and William A. Kennedy, Assistant Public Defender, Blountville, Tennessee, for the appellant, Trevor Howard Taylor.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Barry Staubus, District Attorney General; and Kent L. Chitwood, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record shows that Defendant sold cocaine to the confidential informant on February 4, 2015, on February 5, 2015, and again on February 11, 2015. The sales were monitored by law enforcement agents.

Defendant's criminal history included thirteen convictions between 1991 and February 2016. Defendant was indicted by the Sullivan County Grand Jury for the offenses in the case *sub judice* on February 23, 2016. His sentencing hearing was held September 2, 2016, on the same day his guilty pleas were entered.

The most recent conviction prior to the sentencing hearing was on February 10, 2016, for the offense of assault committed on January 22, 2016. In that case, Defendant received a sentence of 11 months, 29 days, with all but 90 days suspended. He was also ordered to have "A & D" treatment.

All of Defendant's prior convictions were misdemeanors. The pre-sentence report shows that his first listed conviction in 1991, for vandalism, resulted in a totally suspended sentence of 11 months, 29 days. His additional convictions and sentences are, in chronological order: 2000, DUI, 11 months, 29 days, all but 10 days suspended; 2001, evading arrest, 11 months, 29 days, all suspended; 2001, driving on revoked license, 6 months, all suspended; 2001, DUI, second offense, 11 months, 29 days, all but 47 days suspended; 2001, vandalism, 11 months, 29 days, all suspended; 2003, assault, 11 months, 29 days, all suspended except 10 days; 2005, in Virginia, "embezzlement [of] business" less than $200.00, 12 months, 5 days, suspended, plus 30 days of supervised probation; 2005, driving without "DL/NO INSURANCE," fine plus court costs; 2006, assault, 11 months, 29 days, all but 45 days suspended; 2006, an additional conviction for assault, 11 months, 29 days, all but 90 days suspended (the second assault in 2006 was committed 15 days after he was convicted on the first assault in 2006); 2011, fraudulent use of credit card, length of sentence not stated but all of it except 60 days was suspended; 2016, the above described offense of assault.

Clearly, over the period of 1991 through 2016, Defendant received alternative sentences for each of twelve misdemeanor convictions, and he committed the offenses at ages 22, 31, 32, 34, 35, 36, 37, 42, and 47. It is equally clear that alternative sentencing on twelve occasions over 25 years neither rehabilitated nor deterred Defendant from criminal conduct. With that in mind, we summarize the testimony at the sentencing hearing.

Defendant testified and agreed that his criminal record set forth in the presentence report was correct. He added that he had been incarcerated for 187 days in lieu of bail, pending disposition of the charges to which he had pled guilty. His entire testimony consisted of one and one-half pages of transcript. In his brief direct examination (there was no cross-examination by the State), Defendant set forth the reasons that he should receive alternative sentencing for his effective 3-year sentence. Defendant stated that he was "through with drugs." He added that while incarcerated he had completed a drug and alcohol class. Defendant expressed his intention to enter Tri-Cities Recovery when

released. Defendant testified that the gentleman who taught the drug and alcohol class was going to assist Defendant in his drug/alcohol recovery. Defendant stated that he intended to resume work for a lawn care business so that he would be able to pay his fines.

In its ruling from the bench, the trial court announced that it had considered everything set forth in T.C.A. § 40-35-210(b). Having done so, the trial court noted that Defendant had "been given supervised probation repeatedly over the years. His offenses go back to 1991 . . . and it's just suspended sentence or probation time after time after time again." The trial court also pointed out that on "multiple occasions" Defendant committed crimes while on probation.

Based upon Defendant's criminal history and his repeated failed efforts at release with supervision, the trial court denied Defendant's request for an alternative to incarceration and ordered Defendant to serve the 3-year sentence in the Department of Correction.

On appeal, Defendant correctly asserts that he was statutorily eligible for probation or some other form of alternative sentence. T.C.A. § 40-35-303(3). He argues that the trial court abused its discretion by ordering the entire sentence to be served by incarceration. He also specifically argues that since his prior convictions are only misdemeanors, he should not be denied an alternative sentence because of his long history of criminal conduct. T.C.A. § 40-35-103(1)(A). He also asserts that the multiple occasions he committed crimes while on supervised release for prior convictions should not deny his opportunity for an alternative sentence because all three events occurred more than ten years ago and thus "cannot be said to have been frequent or recent." Defendant did not cite any cases in support of his unique arguments.

Furthermore, Defendant argues that if he is not entitled to probation, he should have been sentenced to community corrections. Defendant did not ask the trial court to consider community corrections in the event probation was denied, and there was no proof of the suitability of Defendant to be sentenced to community corrections. Thus, the trial court had no need to address that specific alternative to full incarceration. Therefore, Defendant has waived that argument on appeal. Even if not waived, nothing in the record supports any type of alternative sentence for Defendant.

A trial court's sentencing decisions are generally reviewed for abuse of discretion, with a presumption of reasonableness granted to within-range sentences in felony cases that reflect a proper application of the purposes and principles of sentencing. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). A trial court abuses its discretion when it applies an incorrect legal standard, reaches an illogical conclusion, bases its decision on a

clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the party complaining. *State v. Herron*, 461 S.W.3d 890, 904 (Tenn. 2015).

This standard applies to misdemeanor sentences as well, and trial courts are entitled to considerable latitude in misdemeanor sentencing. *State v. Kavonda Renee Waters*, No. M2015-00324-CCA-R3-CD, 2016 WL 3094313, at *3 (Tenn. Crim. App. May 25, 2016), *no perm. app. filed.*; *State v. Troutman*, 979 S.W.2d 271, 273 (Tenn. 1998). The appealing party bears the burden of proving that the sentence was improper. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991); *see* T.C.A. § 40-35-401(d), Sentencing Comm'n Comts.

Decisions to deny probation are also reviewed for an abuse of discretion. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). A defendant bears the burden of proving suitability for probation, including showing that probation will serve the ends of justice and the best interests of the public and the defendant. *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008). In determining whether to grant probation, a trial court should consider whether: 1) "confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;" 2) "confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses;" and 3) "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1)(A)-(C).

As stated above, the trial court ordered Defendant's sentence to be served by incarceration because of Defendant's lengthy criminal history and Defendant's multiple acts of criminal conduct while serving sentences on probation. The trial court listed all the factors in T.C.A. § 40-35-210(b) which it had considered in determining the manner of service of the sentence. The trial court properly applied the purposes and principles of sentencing. There is a presumption of reasonableness afforded the trial court's determination, and there is no evidence of an abuse of discretion by the trial court.

Accordingly, Defendant is not entitled to relief in this appeal, and the judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

- 4 -